IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN COLLEEN SHEARER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 23-1550 ) |
| MARTIN O'MALLEY,[1] *Commissioner of Social Security*, | ) ) ) ) |
| Defendant. | ) ) |

O R D E R

AND NOW, this 27th day of September, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits ("DIB") under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.  *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).  *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal

---

[1] Martin O'Malley is substituted as the defendant in this matter, replacing former Acting Commissioner Kilolo Kijakazi pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g).

court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2]      Plaintiff argues that the Administrative Law Judge ("ALJ") erred in formulating her residual functional capacity ("RFC"), as he failed to account for the severity of all of her impairments, including her need for work absences. The Court finds no merit in this contention and instead finds that the ALJ's decision is supported by substantial evidence.

Plaintiff contends that the RFC as determined by the ALJ failed to account for the time she would have been off work as well as her difficulties using her upper extremities and remaining on her feet. She asserts that she testified that she often has to leave work early because of her pain and fatigue. However, the ALJ specifically addressed Plaintiff's claims of pain, fatigue, weakness, and blackouts but found that her testimony was not entirely consistent with the record. In so doing, the ALJ acknowledged that the record contained evidence showing cardiac and musculoskeletal abnormalities, as well as some findings of reduced strength and decreased range of motion. However, he also discussed Plaintiff's generally unremarkable clinical findings demonstrating no gross motor or sensory deficits, normal strength, muscle tone, and gait, and regular cardio-vascular functioning. While he acknowledged that Plaintiff was not always able to take pain medication due to her aneurysm, he still emphasized that medication had been part of a regimen of generally conservative treatment. He further considered Plaintiff's activities of daily living, which included performing a part-time job at near substantial gainful activity levels, in finding Plaintiff's symptoms to be less impactful than she claimed them to be. (R. 18, 21-23).

It is important to remember that an ALJ is not under an obligation to simply accept what the claimant said without question. *See* 20 C.F.R. § 404.1529(c)(4); *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 363 (3d Cir. 2011). Moreover, where an ALJ has articulated reasons supporting a "credibility" determination, that determination is afforded significant deference. *See Horodenski v. Comm'r of Soc. Sec.*, 215 Fed. Appx. 183, 188-89 (3d Cir. 2007); *Reefer v. Barnhart*, 326 F.3d 376, 380 (3d Cir. 2003). The Court finds that such deference is warranted in this case. *See also Paula R. v. Comm'r of Soc. Sec.*, No. CV 20-18808 (RBK), 2022 WL 950242, at *5 (D.N.J. Mar. 30, 2022) ("Credibility determinations are 'virtually unreviewable on appeal.'" (quoting *Hoyman v. Colvin*, 606 Fed. Appx. 678, 681 (3d Cir. 2015))).

The Court further notes that the only "evidence" that Plaintiff would require work absences came from her own testimony; there were no medical opinions to that effect. Moreover, Plaintiff's testimony was that she did often take breaks or leave early from her job, but that this was accepted by her employer in the context of their unique relationship. The ALJ acknowledged that Plaintiff received special accommodations at her part-time job that allowed her to take breaks or leave early as needed. (R. 18). However, he was not obligated to extract from this special situation that Plaintiff would require a certain number of absences per month, particularly in light of his determinations as to Plaintiff's testimony and the lack of corroborating medical opinion evidence.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 10) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 13) is GRANTED.

                                                s/Alan N. Bloch
                                                United States District Judge

ecf:        Counsel of record

---

Plaintiff further argues that the ALJ erred in failing to include in the RFC the limitations to which her treating sources – Gregory Markantone, DPM, Heather Chaderwick, PA-C, and Suzana Stepanek, M.D. – opined regarding her ability to stand, lift, and perform postural and manipulative actions. However, the ALJ considered these opinions pursuant to 20 C.F.R. § 404.1520c, which states that supportability and consistency, rather than a source's treating relationship with the claimant, are now "the two most important factors for determining the persuasiveness of medical opinions." 82 Fed. Reg. 5844-01, at 5853 (Jan. 18, 2017). *See also* §§ 404.1520c(b) and (c). The ALJ adequately considered and discussed the supportability and consistency of these opinions, ultimately finding them to be not generally persuasive. To the contrary, he found the prior administrative findings of the state agency medical consultants, which were consistent with the RFC findings, to be generally persuasive. There was nothing inappropriate in finding the opinions of non-treating sources to be more persuasive; even under the regulations governing cases filed prior to March 27, 2017, while an ALJ was required to consider the treating relationship between a claimant and an opining doctor, when the medical opinion of a treating source conflicted with that of a non-treating, or even a non-examining physician, "the ALJ may choose whom to credit." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000). *See also Dula v. Barnhart*, 129 Fed. Appx. 715, 718-19 (3d Cir. 2005); *Salerno v. Comm'r of Soc. Sec.*, 152 Fed. Appx. 208 (3d Cir. 2005).

As noted, the ALJ considered Plaintiff's testimony, treatment history, and activities of daily living, along with the objective medical evidence and opinion evidence, in rendering his decision. All of this constitutes substantial evidence in support of the ALJ's findings, especially in light of the United States Supreme Court's reminder that the threshold for meeting the substantial evidence standard "is not high." *Biestek*, 139 S. Ct. at 1154. While Plaintiff offers an alternative analysis of the evidence, the Court emphasizes that "[t]he presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision." *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009).

Accordingly, the Court finds that the ALJ applied the correct legal standards and that substantial evidence supports that decision. It will therefore affirm.